Joshua S. Boyette, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Highway North, Suite 402
Cherry Hill, NJ  08034
Phone: (856) 685-7420

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DEVIN TENBOER, *on behalf of himself and those similarly situated*<br>1633 Cloud<br>San Angelo, TX 76905<br><br>           PLAINTIFF<br>    v.<br><br>MAALT SPECIALIZED BULK LLC<br>4413 Carey Street<br>Fort Worth, TX 76119<br><br>and<br><br>MAALT LP<br>4413 Carey Street<br>Fort Worth, TX 76119<br><br>and<br><br>VISTA SAND<br>4413 Carey Street<br>Fort Worth, TX 76119<br><br>And<br><br>JOHN DOES 1-10<br>c/o MAALT SPECIALIZED BULK LLC<br>4413 Carey Street<br>Fort Worth, TX 76119<br><br>           DEFENDANTS. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**<u>JURY DEMANDED</u>**<br><br><br>Case No:<br><br>Judge: _____ |

1

## INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

1. Named Plaintiff Devin Tenboer ("Named Plaintiff"), on behalf of himself and those similarly situated ("Collective Action Plaintiffs" under the FLSA and "Class Plaintiffs" under Texas law), by and through undersigned counsel, hereby complains as follows against Defendant Maalt Specialized Bulk LLC, Defendant Maalt LP, Defendant Vista Sand and John Does 1-10 (collectively, "Defendants").

## INTRODUCTION

2. Named Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), and Texas common law. Defendants intentionally failed to compensate Named Plaintiff, Collective Action Plaintiffs and Class Plaintiffs for wages earned while in the employ of Defendants. As a result of Defendants' unlawful actions, Named Plaintiff, Collective Action Plaintiffs and Class Plaintiffs have been harmed.

## JURISDICTION AND VENUE

3. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's, Collective Action Plaintiffs' and Class Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court has original subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 because at least one Plaintiff and/or at least one putative class member is a citizen of a state other than the state which any Defendants are citizens of, the putative class consists of more than 100 class members, and the amount in controversy in the instant action exceeds five million dollars.

5. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Named Plaintiff is an adult individuals residing at the address as provided in the caption.

9. Defendant Maalt Specialized Bulk LLC ("Defendant Maalt") is a transporter of "Frac Sand" for the hydraulic fracturing process for oil and gas companies, who does business in Texas and has a location at the address as set forth in the caption.

10. Defendant Maalt LP is an affiliated company also involved in the transportation of "frac sand" who does business in the state of Texas and is located at the address set forth in the caption.

11. Defendant Vista Sand is another affiliated company also doing business in the state of Texas and located at the address set forth in the caption.

12. Defendant Maalt Specialized Bulk LLC and several other affiliated companies, including Defendant Vista Sand, and Defendant Maalt LP are sufficiently interrelated and integrated in their activities, labor relations and management, as same relate to Named Plaintiff, Collective

3

Action Plaintiffs and Class Plaintiffs, that they may be treated as a single employer for purposes of the instant action.

13. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff, Collective Action Plaintiffs and Class Plaintiffs proper compensation pursuant to the FLSA.

14. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff, Collective Action Plaintiffs and Class Plaintiffs.

15. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

13. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Collective Action Plaintiffs.

15. Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for Defendants as an over-the-road truck driver exclusively engaged in intrastate transportation activities between Defendants' terminals/yards and drill site (in either Texas, Oklahoma, or Ohio), and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter to the present (members of this putative class are referred to as "Collective Action Plaintiffs").

16. Named Plaintiff's claims are typical of the claims of Collective Action Plaintiffs,

because Named Plaintiff, like all Collective Action Plaintiffs, was an employee of Defendants whom Defendants failed to pay overtime wages as required by the FLSA during at least one workweek in the last three years.

17. Named Plaintiff will fairly and adequately protect the interests of Collective Action Plaintiffs, because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

18. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The class will be easily identifiable from Defendants' records.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Named Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the thousands.

20. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Collective Plaintiffs are exempt from the provisions of FLSA by virtue of the nature of their purely intrastate transportation duties, and whether, therefore, Defendant violated FLSA by failing to pay overtime wages for hours worked over forty in a week.

21. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant

to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

22. The foregoing paragraphs are incorporated herein as if set forth in full.

23. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiff brings his claim for relief on behalf of himself and those similarly situated ("Class Plaintiffs").

24. Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for Defendants as Texas employees in the past four years and who were denied the lawful wages due them ("Class Plaintiffs").

25. All Class Plaintiffs are included in the term Collective Plaintiffs previously referenced herein.

26. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the hundreds.

27. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendant in Texas who was harmed as a result of Defendants (1) failing to pay at least 1.5 times the employee's regular rate for all hours worked over 40, thereby failing to pay the Class Plaintiffs the amount owed to them under the employment contract; and (2) failing to pay promised sign-on bonuses.

28. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims

involving employee wage disputes in the trucking industry.

29. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

31. Named Plaintiff will the representative of two sub-classes, a Bonus Class and an Overtime Class.

32. The Bonus Sub-Class will consist of all drivers for Defendants within the State of Texas who were promised sign-on bonuses but did not receive same.

33. The Overtime Sub-Class will consist of all drivers for Defendants within the State of Texas.

34. Questions of law and fact that are common to the members of the Bonus Sub-Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants entered into contracts to pay sign-on bonuses, and whether Defendants has failed to honor those contracts.

35. Questions of law and fact that are common to the members of the Overtime Sub-Class

predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants violated Texas common law failing to pay failing to pay at least time and one half of wages for all hours worked over 40 per workweek during training.

36. Therefore, Named Plaintiff should be permitted to bring these claims as a class action pursuant to FRCP 23(b)(2) and Rule 23(b)(3).

## FACTUAL BACKGROUND

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. In or around August 3, 2015, Defendants hired Named Plaintiff as an over-the-road truck driver to be employed exclusively in the delivery of fracking sand between sites within the State of Texas.

39. Named Plaintiff was based out of the San Angelo terminal.

40. Named Plaintiff was involved only in intrastate transportation during the entirety of your employment.

41. Named Plaintiff worked for Defendants until March 4, 2016.

42. Collective Plaintiffs were hired by Defendant as drivers to drive exclusively intrastate delivering fracking sand from terminals in to drill sites all in the same states, which include Texas, Ohio, and Oklahoma.

43. In other words, though Defendants operated terminals in multiple states, Defendants required Collective Plaintiffs to only engage in intrastate deliveries.

44. Defendants pay Named Plaintiff and Collective Plaintiffs by paying a mileage rate when empty, and a per load amount based on the number of trips and loads delivered, and, after the first four hours, standby pay of $14/per hour.

45. However, Defendants do not pay Named Plaintiff or Collective Plaintiffs any standby pay for time spent in the sleeper berth.

46. Time spent in the sleeper berth is compensable if either a) it occurs during a tour of duty of less than 24 hours; or b) is in excess of 8 hours during a tour of duty that lasts more than 24 hours.

47. Named Plaintiff regularly worked more than 40 hours per week.

48. Collective Plaintiffs regularly worked more than 40 hours per week.

49. Until February 2016, Named Plaintiff never made deliveries outside of the State of Texas.

50. The "frac sand" material delivered is used in the drilling of oil wells, all within the State of Texas.

51. In February 2016, due to a lack of work and a change in working conditions in Texas, Defendants sent Named Plaintiff and sixteen other drivers from the San Angelo terminal to Oklahoma to work there for a period of two weeks.

52. During the trip to Oklahoma, Named Plaintiff and the other drivers did not carry any material.

53. Named Plaintiff and the other drivers were not subject to interstate transportation regulations during the trip to Oklahoma.

54. While in Oklahoma, Named Plaintiff and the other drivers picked up frac sand from an Oklahoma location and delivered exclusively within Oklahoma.

55. Defendants never paid Named Plaintiff or Collective Plaintiffs overtime for their hours worked over 40 in one workweek.

56. Accordingly, Named Plaintiff and Collective Plaintiffs are owed unpaid overtime

wages.

57. Upon information and belief, Defendants have maintained the unlawful pay system described herein for at least the last three years.

58. Named Plaintiff and Collective Action Plaintiffs were subjected to an unlawful compensation system to which Defendants subjected all of their frac sand delivery drivers as described *infra*.

59. Named Plaintiff and Collective Action Plaintiffs were all frac sand delivery drivers employed by Defendants and were all subjected to the policies discussed herein within the last four years.

60. Named Plaintiff and Class Plaintiffs were typically required to remain on assignment for tours of duty longer than 24 hours. (*see* 29 C.F.R. § 785.22).

61. Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day. The remaining amount of time (16 hours per day) is work time and must be paid.

62. As part of his employment contract, Named Plaintiff was promised a $3500 sign-on bonus, which was to be paid in $875 increments every 90 days.

63. However, a few days before the first increment of the bonus was owed, Named Plaintiff was told by Defendants' Vice President Dean Roth that the bonus would not be paid and was going to be deferred until market recovery.

64. Named Plaintiff also received a memorandum to the same effect addressed to all drivers eligible for the bonus.

65. Class Bonus Plaintiffs were all offered sign-on bonuses that they did not receive.

66. Accordingly, Named Plaintiff and Class Bonus Plaintiffs have suffered additional

damages.

# COUNT I
## Violations of the Fair Labor Standards Act
### (Named Plaintiff and Collective Action Plaintiffs v. Defendants)
### (Failure to pay overtime)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

69. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are "employees" within the meaning of the FLSA.

70. Named Plaintiff and Collective Plaintiffs are non-exempt employees under FLSA and therefore eligible for overtime wages.

71. The FLSA requires employers, such as Defendants, to pay overtime wages of one and a half times the regular rate for all hours worked by each employee over 40 to non-exempt employees, including Named Plaintiff and Collective Plaintiffs.

72. As set forth above, Defendant failed to pay Named Plaintiff and overtime wages due under FLSA.

73. As a result of Defendants' company-wide practices and policies of paying its employees below the minimum wage for all hours worked each workweek, Named Plaintiff and Collective Plaintiffs have been harmed.

74. John Does 1-5 are jointly and individually liable for Defendants' failure to compensate Named Plaintiff and Collective Action Plaintiffs at least the federal minimum wage for all hours worked because they directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the FLSA.

75.     John Does 6-10 are jointly and individually liable for Defendants' failure to compensate Named Plaintiff and Collective Plaintiffs at least the federal minimum wage for all hours worked because they had control over processing payroll for Named Plaintiff and Collective Plaintiffs.

76.     Defendants willfully failed to compensate Named Plaintiff and Collective Plaintiffs their overtime wages.

77.     As a result of Defendants' failure to compensate Named Plaintiff and Collective Plaintiffs overtime wages owed, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the Texas Common Law**
**(Named Plaintiff and Class Bonus Plaintiffs v. Defendants)**
**(Breach of Contract - Bonuses)**

78.     The foregoing paragraphs are incorporated herein as if set forth in full.

79.     Defendant entered into individual employment contracts with Named Plaintiff and Class Bonus Plaintiffs to pay them sign on bonuses.

80.     Defendant has refused to pay the promised bonuses despite the Named Plaintiffs and Class Bonus Plaintiffs performing the work subject to the employment contract.

81.     Defendant therefore breached this employment contract by failing to pay Named Plaintiff and the Class Bonus Plaintiffs the promised bonuses.

**COUNT III**
**Violations of the Texas Common Law**
**(Named Plaintiff and Class Overtime Plaintiffs v. Defendants)**
**(Breach of Contract - Overtime)**

82.     The foregoing paragraphs are incorporated herein as if set forth in full.

83.     Defendant entered into individual employment contracts with Named Plaintiff and the Class Overtime Plaintiffs.

84. An implied term of the individual employment contracts is that Defendant would pay Named Plaintiff and Class Overtime Plaintiffs lawfully – i.e., overtime wages for hours worked over 40.

85. Defendant breached the contract by failing to pay Named Plaintiff and Collective Plaintiff their overtime wages due.

**WHEREFORE,** Named Plaintiff, Collective Action Plaintiffs, and Class Plaintiffs pray that this Court enter an Order:

1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

2) Certifying the instant matter as a "class action" pursuant to Federal Rule of Civil Procedure 23;

3) Enjoining Defendants from continuing their maintain its illegal policy, practice, or customs in violation of federal and state law;

4) Providing that Defendants are to compensate, reimburse, and make Named Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

5) Awarding Named Plaintiffs and Collective Action Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

6) Awarding Named Plaintiffs and Collective Action Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law; and,

7) Awarding Named Plaintiffs and Collective Action Plaintiffs all other relief as the Court deems appropriate and just.

        Respectfully Submitted,

        SWARTZ SWIDLER, LLC

        */s Joshua S. Boyette*
        Joshua S. Boyette, Esq.
        Richard S. Swartz, Esq.
        Justin L. Swidler, Esq.
        1101 Kings Highway North, Suite 402
        Cherry Hill, NJ 08034
        856-685-7420
        Attorneys for Plaintiffs

Dated: April 21, 2016